UZAREK v. WAYNE COUNTY

WORKMEN'S COMPENSATION — STATUTORY ACTION — DEFENSE — PAYMENT — WAIVER.
  The statutory defense of payment in a statutory action in circuit court to enforce a workmen's compensation award arises independently of the right to assert payment as a defense in a workmen's compensation department hearing under Rule 5, and is not waived or foreclosed by failure to assert it in the department hearing even though the facts were known before the conclusion of the hearing (MCLA § 413.13; 1959 AACS, R 408.35).

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 May 15, 1969, at Detroit. (Docket No. 6,352.) Decided July 28, 1969.

Complaint by Paul F. Uzarek, Jr., against Wayne county, his former employer, to enforce payment of a workmen's compensation award. Judgment for plaintiff. Defendant appeals. Remanded for entry of modified judgment against defendant.

*Kelman, Loria, Downing & Schneider* (*John W. Simpson, Jr.,* of counsel), for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *George H. Cross,* Assistant Prosecuting Attorneys, for defendant.

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 385, 413.
40 Am Jur, Payment §§ 224, 227, 236.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

PER CURIAM. On October 16, 1967, the Workmen's Compensation Department awarded the plaintiff compensation against his former employer, defendant county of Wayne. The award was not paid, and, following a Rule 5* hearing, an order was entered by the department on June 24, 1968, directing payment of amounts due for hospital expenses incurred by the plaintiff, consisting of $4,494 due the Veterans Administration Hospital and $4,198.19 due the Maybury Sanatorium.

These amounts remained unpaid and plaintiff commenced this action in the Wayne circuit court on July 24, 1968. The circuit judge entered a judgment directing payment to the plaintiff of the 2 amounts previously mentioned, plus interest, for a total of $10,360.98.

During the circuit court proceeding the defendant requested an opportunity to prove payment of $4,-198.19 to Maybury Sanatorium, but the circuit judge refused to consider such evidence. He felt that he was precluded from considering the evidence because it appeared that the alleged payment, if made at all, was made before October 16, 1967, and, thus also before June 24, 1968. In the judge's view the defendant should have offered such proof of payment at the workmen's compensation hearings preceding entry of the October 16, 1967 and June 24, 1968 orders. In rejecting the proffered proof, the judge

---

* "If the department shall have reason to believe that there has not been compliance with the provisions of the compensation act, it may on its own motion give notice to the parties and hold a hearing for the purpose of determining the facts and the rights of the parties. Such notice shall contain a statement of the matter to be considered." 1959 AACS, R 408.35.

invoked the doctrine of *res judicata.* He also stated that the circuit court does not have the power to review decisions of the workmen's compensation department.

While the defendant concedes that its board of auditors must have known of the alleged payment before October 16, 1967, it claims that its legal counsel did not become aware of the fact of payment until after conclusion of the Rule 5 hearing.

In our opinion the circuit judge erred in rejecting evidence of payment. This action was brought pursuant to the following provision of the workmen's compensation act:

"Any party may present a certified copy of a decision made by the compensation commission, or any member or deputy member thereof, in any compensation proceeding to the circuit court of the circuit in which the injury occurred or to the circuit court of the county of Ingham if the injury was sustained without the state of Michigan, whereupon said court shall, upon 7 days' notice to the opposite party or parties, render judgment in accordance therewith *unless proof of payment is made;* such judgment shall have the same effect as though rendered in an action tried and determined in said court and shall with like effect be entered and docketed." MCLA § 413.13 (Stat Ann 1968 Rev § 17.187). (Emphasis supplied.)

The right to assert the statutory defense of payment provided for in this section of the workmen's compensation act arises independently of the right to assert the defense of payment in the Rule 5 departmental proceeding, and is not waived or foreclosed by failure to assert such defense earlier even though the facts upon which the defense was based were known before the conclusion of the Rule 5

proceeding, and, indeed, before the entry of the award of compensation itself.

The department's order of October 16, 1967 provided that "the medicals shall be paid directly to the plaintiff and his attorney and after plaintiff has endorsed the drafts, the plaintiff's attorney shall issue his personal checks, less fees, to the proper parties." Whether payment by the county directly to the sanatorium would constitute compliance with such order and the effect of direct payment on plaintiff's attorney's right to recover attorney's fees in respect to an amount paid directly to the sanatorium are questions which need not be considered until it is determined whether the county has made payment and, if so, in what manner.

It has also been suggested that if the county paid the sanatorium it would have been reimbursed by the State of Michigan which in turn may seek recovery from the plaintiff of the reimbursement amount. In this connection we note the trial judge's statement that he "provided the county of Wayne the opportunity to pledge the county's credit to hold the plaintiff harmless from any claim which may be made against him on account of said hospitalization at Maybury Sanatorium and the county of Wayne is not willing to pledge said credit." If on remand it develops that the county has paid the sanatorium and has been reimbursed by the State of Michigan it will then be appropriate to determine the effect of such reimbursement on the county's duty to make payment to the plaintiff in accordance with the department's order of October 16, 1967.

Since the county did not seek to show payment of the $4,494 in respect to the Veterans Administration and concedes that this amount remains unpaid, the portion of the trial court's judgment covering that amount, plus interest, will be affirmed.

Remanded for the entry of judgment against the county in favor of the plaintiff for $4,494, plus interest, and for further proceedings consistent with this opinion in regard to the amount of the award in respect to Maybury Sanatorium.

No costs, neither party having prevailed in full.